The facts in the case are:
Many years ago Hannah S. Whilldin and her husband were residents of Camden; after disposing of the business there they moved to Florida, where he became engaged in business and for a time was mayor of West Palm Beach in that state. He died in the year 1908, and sometime in May, 1926, she returned to Camden and went to live at 913 Cooper street, in Camden, in a property which she had owned since 1908.
She died on August 26th, 1926, seized of considerable real and personal property situate in the city of Camden.
On February 26th, 1913, she, then living in the State of Louisiana, made and executed a last will and testament in which she named the complainant her residuary legatee, and appointed him executor of her estate. *Page 476 
The said will, although executed in accordance with the laws of Louisiana and of Florida, was not executed in accordance with the laws of this state in that it lacked the necessary number of subscribing witnesses.
On November 12th, 1926, improperly stated in bill as 1927, application was made to the surrogate of the county of Camden for the appointment of an administrator of said estate, alleging that decedent was a resident of the city of Camden at the time of her death and died intestate. This date is so clearly an error — the bill being filed on June 11th, 1927 — that it seems unnecessary, at this time, to require a formal amendment.
The petitioners having renounced the defendant, Security Trust Company was appointed administrator of said estate, has qualified, and proceeded in the settlement thereof.
Complainant alleges he did not learn of the death of Mrs. Whilldin until about February 1st, 1927; that he petitioned the county court of West Palm Beach, Florida, for probate of the will of decedent; that a caveat having been filed in that court the probate of said will has been "held up." He alleges that the will is valid, and effectual to vest in him the title to the personal property of decedent wherever situate, which personalty is inventoried at the sum of $40,000 or upward.
That until the probate of said will by the Florida court, he is without standing to contest the administration of said estate by the Security Trust Company.
Upon the filing of this bill, an order to show cause, with restraint, was made by the chancellor on June 11th, 1927, returnable on June 21st, 1927. Upon the return day of said order, by consent an order for restraint pending final hearing was advised by Vice-Chancellor Buchanan.
On June 24th, 1927, an answer was filed. The first defense was:
1. That at the time of her death Mrs. Whilldin was domiciled in the State of New Jersey and died in the city of Camden, and —
2. That the defendant is entitled to administer the estate, and the settlement thereof and distribution of assets are properly within this jurisdiction. *Page 477 
On July 28th, 1927, by consent, an order was advised amending section 7 of said bill, alleging that certain relatives of said deceased had filed a petition in the courts of Florida praying the court to refuse probate of said will on the ground interalia that decedent was at the time of her death not a resident of Florida, but of this state. On July 27th, 1927, a replication was filed joining issue on answer of defendant. The history of the cause continues:
August 10th, 1927, consent order of reference to Vice-Chancellor Leaming;
September 26th, 1927, consent order of re-reference to Vice-Chancellor Ingersoll;
October 27th, 1927, on motion of solicitor of defendant, consent designation for hearing on December 1st, 1927;
December 19th, 1927, consent order continuance until June 13th, 1928.
Upon that day counsel for complainant announced that his client was not present, and there was some question whether he still represented him, and by consent said cause was set down for hearing on October 3d 1928.
On October 3d 1928, Mr. Thomas B. Hall appeared as solicitor of complainant, no substitution having been made; but the original counsel appearing in the court room and making no objection, the cause was called for hearing.
Application for continuance was made, objected to, argued inextenso, and refused. The case was heard.
I find as a fact that at the time of the decease of the said Hannah S. Whilldin, she was a resident of the State of New Jersey and domiciled in the city of Camden.
Counsel for the complainant contends that this court has no jurisdiction to consider the issue joined by his replication, viz., the domicile of Mrs. Whilldin at the time of her death.
The complainant has no standing in this court upon which to base his application for an injunction, if Mrs. Whilldin was a resident of and domiciled in this state at the time of her death.
He based his bill upon the statement in clause 1 of his bill, that at the time of her death she was a resident of Florida. The defendant set up by way of defense that she was domiciled at that time in this state, and issue was joined. *Page 478 
Courts of this state first entertained the question of settlement of said estate, and it would be an absurdity to say that the courts of this state would be without power to act upon the filing of a bill for injunction based upon the fact that a person at the time of his decease was a resident of another state, and that upon the hearing upon said bill, the court is without jurisdiction to determine that very question. The result would of necessity follow, that no hearing could be had upon the issue and an injunction would likewise of necessity be made permanent. The citations in complainant's brief do not apply to the case at bar.
The complainant has failed to prove that Mrs. Whilldin was a resident of the State of Florida at the time of her death. The defendant has proven she was not a resident of that state at her decease, by proving that at that time her domicile and her residence was in this state. It would not be in two places.
The injunction will be vacated and the bill dismissed.